UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SALMA MERRITT, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF SUNNYVALE, et al.,<br><br>    Defendants. | Case No.  5:15-cv-02775-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 66 |

After prevailing on its motion to dismiss, Defendant Classics[1] now seeks to recover $37,686.20 in attorneys' fees and costs from pro se Plaintiffs Salma and David Merritt. Classics' motion will be GRANTED.

**I.   BACKGROUND**

The Merritts first brought this action in Santa Clara County Superior Court, alleging conspiracy, invasion of privacy, and disability discrimination arising from a dispute with Classics about its parking policies. Dkt. No. 67-1 at 21–58.[2] In that case, the court granted summary

---

[1] "Classics" refers to Defendants Classics at Fair Oaks Association, Chetak Gandhi, Wayne Brown, and Ying-Chi Lee.
[2] Classics' request for judicial notice (Dkt. No. 67) is GRANTED.

judgment in Classics' favor (Dkt. No. 67-1 at 88–100), declared the Merritts to be vexatious litigants (Dkt. No. 67-1 at 85–87), and awarded attorneys' fees and costs of $235,416 (Dkt. No. 67-2 at 26–44). The California Court of Appeals affirmed the finding of vexatiousness (Dkt. No. 67-2 at 2–8), and the California Supreme Court denied review (Dkt. No. 67-2 at 10).

The Merritts then filed a federal action arising from the same parking dispute, alleging civil rights violations under 42 U.S.C. § 1983 and disability discrimination under Cal. Civ. Code § 51. This Court granted Classics' motion to dismiss because the Merritts' claims were barred as res judicata. Dkt. No. 64 at 8–12. Classics now moves for attorneys' fees and costs. Defs.' Mot. for Att'ys' Fees and Costs ("Mot."), Dkt. No. 66.

**II.   DISCUSSION**

Classics argues that the Court should award attorneys' fees and costs under Cal. Civ. Code § 1717, which allows fee awards to the prevailing party in an action "on a contract" when the contract has a fees provision.[3] The contract between Classics and the Merritts provided that the prevailing party in litigation "shall be entitled to recover costs, including reasonable attorney's fees." Declaration of Restrictions ("CC&Rs") § 13.13, Dkt. No. 67-2 at 101; see also Huntington Landmark Adult Cmty. Ass'n v. Ross, 213 Cal. App. 3d 1012, 1023–24 (1989) (finding that CC&Rs are contracts for the purposes of § 1717). Classics argues that it meets the requirements for recovery under § 1717: the CC&Rs included an attorneys' fees provision, this case was an action "on the contract," and Classics prevailed on its motion to dismiss. Mot. at 6–8.

The Merritts respond that § 1717 does not apply because they have not asserted a contract claim. Pls.' Opp'n to Defs.' Mot. for Att'ys Fees and Costs ("Opp'n") at 5–8, Dkt. No. 69. California courts have held that § 1717 applies only to claims that relate to enforcement of the terms of a contract. See, e.g., McKenzie v. Kaiser-Aetna 55 Cal. App. 3d 84, 89–90 (1976) ("The only reasonable interpretation of section 1717 is that it reciprocates the allowance of attorney's

---

[3] State law governs Classics' fees-and-costs motion because this Court exercised supplemental jurisdiction over the Merritts' state-law claim. Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995)

fees only when such fees are incurred to enforce the provisions of the contract."); Exxess Electronixx v. Heger Realty Corp., 64 Cal. App. 4th 698, 708 (1998) ("a tort claim is not 'on a contract' and is therefore outside the ambit of section 1717"); Walters v. Marler, 83 Cal. App. 3d 1, 27–28 (1978) ("Section 1717 does not authorize the award herein involved. The action was not, as the statute requires, 'on the contract,' but in tort for fraud in derogation of the contract.").

Nonetheless, non-contract claims can be "on the contract" if they arise from the parties' contractual rights and obligations. See Barrientos v. 1801–1825 Morton LLC, 583 F.3d 1197, 1216–17 (9th Cir. 2009) (awarding attorneys' fees where tenants claimed that eviction notices violated federal and local laws, because the "complaint was one to enforce their rights as tenants under the lease," even though the tenants did not assert contract claims); Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1339–41 (9th Cir. 1986) (holding that a motion to vacate an arbitration award was an action on the underlying contract that contained the arbitration provision). And in general, courts construe § 1717 liberally. See Lafarge, 791 F.3d at 1340 ("This court has given the requirement that an action be 'on the contract' a liberal scope."); Brown Bark III, L.P. v. Haver, 219 Cal. App. 4th 809, 821 (2013) ("California courts construe the term 'on a contract' liberally. 'As long as the action involve[s] a contract it is on [the] contract' within the meaning of section 1717.") (internal citations and quotation marks omitted).

The Court finds that the Merritts' claims are "on the contract." The CC&Rs give Classics the authority to enact parking policies. See, e.g., CC&Rs § 3.4 (requiring occupants to "park their vehicles in their garages" and granting authority to the Board to "adopt Rules regulating parking"). The Merritts' claims arise solely from Classics' enforcement of those policies. See Order Granting Defs.' Mot. to Dismiss at 2–7, Dkt. No. 64 (summarizing the events giving rise to the dispute between Classics and the Merritts). The state court agreed, finding that this case "unquestionably regarded the rights and obligations of the Association and plaintiffs under the CC&Rs." Dkt. No. 67-2 at 34.

The Court also finds that Classics' fees and costs requests are reasonable. Classics requests

$32,991 in fees for 165.9 hours billed (amounting to an average hourly rate of about $200 per hour), as well as $4,340 to bring this fees motion, and $355.20 in costs. Mot. at 10–12. These amounts are reasonable under the circumstances.

Classics also seeks to recover fees and costs under 48 U.S.C. § 1988. Having found that Classics is entitled to fees and costs under § 1717, the Court need not consider whether Classics can also recover under § 1988.

### III. CONCLUSION

Classics' motion for $37,686.20 in fees and costs is GRANTED.

**IT IS SO ORDERED.**

Dated: March 20, 2017

EDWARD J. DAVILA
United States District Judge

4
Case No.: 5:15-cv-02775-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS